UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Tina M. Epley                                  Case No. 05-35687-DOT
         Debtor                                              Chapter 7

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on debtor's motion to convert her case to one under chapter 13 of the bankruptcy code as well as on the motion of the chapter 7 trustee to sell property of the estate. The chapter 7 trustee objected to conversion, and hearing on both motions was held on December 15, 2005. At hearing, the court ruled that the motion to convert would be denied, based on a finding that debtor had no ability to propose a confirmable plan and that therefore the motion to convert was filed in bad faith. The court also ruled that the trustee's motion to sell would be granted, and an order granting the motion was entered upon the court's docket on December 20, 2005.

**Facts**

Debtor filed this chapter 7 bankruptcy case on June 23, 2005. On August 3, 2005, the trustee reported to the court that there would be assets available for distribution to unsecured creditors and requested the issuance of an "asset notice," advising creditors to file proofs of claim. At the time she filed her bankruptcy case, debtor was the owner of a home in Fredericksburg, Virginia. The mortgage payment on the home is $1,076.00 per month, but debtor has not made a mortgage payment since she filed this case

On August 29, 2005, the holder of the first mortgage filed a motion for relief from the automatic stay so that it could foreclose on the property. However, this motions was settled, and on October 27, 2005, the court entered a consent order providing that the trustee was to sell the property prior to January 19, 2005, and pay the first mortgage holder in full. The order

1

further provided that if the property were not sold prior to the specified date, the automatic stay would be lifted.

The trustee has marketed debtor's residence and has obtained a contract for its sale for $285,000. Based on the sale, the trustee anticipates distribution as follows: unsecured claims totaling $18,178.97, a first mortgage on the residence in the amount of $149,745.00 at the time of filing, and a second mortgage in the amount of $45,000.00 at the time of filing. In addition, there are pending contested unsecured claims in the amount of $83,694.58 for damages allegedly arising out of a failure of debtor to perform under a contract to sell the residence. If the latter claims are allowed, then the parties have estimated that distribution to unsecured creditors would be approximately fifty percent.

<u>Debtor's Proposed Plan</u>

If debtor is allowed to convert her case to chapter 13, she proposes to sell the residence herself and then pay her creditors in full out of the proceeds. This is essentially the same plan that is being followed now by the chapter 7 trustee. However, there is no guarantee that if the contested claims are allowed, debtor would be able to pay all her unsecured claims in full under her chapter 13 plan.

Debtor's budget, as filed in her chapter 7 case, shows total monthly expenses of $3,657.00 and total monthly income of $3,000.00. In addition to the expenses listed in her schedules, debtor now also has a $575.00 per month child support obligation. Debtor proposes to reduce her monthly expenses to cover this $1,232.00 shortfall. Even considering these proposed reductions in expenses, debtor's expenses still at least equal her income, which does not leave room for any payment to the chapter 13 trustee (or her mortgage). At hearing, debtor

2

proposed to borrow funds from two unnamed friends or to obtain a second job in order to make payments under a chapter 13 plan.

Debtor further addresses the plan's deficiency by proposing to sell the Fredericksburg property. However, since a sale by her would not be immediate, debtor would be responsible for maintaining her mortgage payments until sale. In addition, there is a large arrearage on the mortgage, due to the fact that payments have not been made since July 2005. Debtor's budget does not allow for payment of the mortgage. She proposes to rent the property for $1,500.00 a month to enable her to make the mortgage payments as they come due and anticipates a sale of the property in approximately two months. Even assuming a six month marketing and sale period for the property, rental of the property until its sale would not enable debtor to cure her mortgage arrearage. [1]

**Discussion**

Debtor asserts that chapter 7 debtors have a one-time absolute right to convert to chapter 13 under § 706 of the Bankruptcy Code, which provides that "[t]he debtor may convert a case under this chapter to a case under chapter…13…at any time…." The interpretation of this provision has been under increasing scrutiny, and there is in fact a split among the courts as to whether this right is in fact absolute or may be conditioned.

Porreca v. Skiba, a recent opinion by the Bankruptcy Court for the Western District of Pennsylvania has summarized the current status of the law under § 706. Porreca v. Skiba (In re Porreco), 333 B.R. 310 (Bankr. W.D. Pa. 2005). Among courts holding that the right to convert is absolute are the Fifth Circuit, Pequeno v. Schmidt (In re Pequeno), 2005 WL 503466 (5th Cir. 2005), and the Bankruptcy Appellate Panels in the Ninth and Tenth Circuits, Croston v.

---

[1] $1,500.00 rent less $1,076.00 mortgage payment equals $424.00. Even if no income taxes were deducted from this amount, six months of rental payments would net debtor $2,524.00, not even half of the approximately $6,456.00 mortgage arrearage.

3

Davis (In re Croston), 313 B.R. 447 (B.A.P. 9th Cir. 2004) and Miller v. U.S. Trustee (In re Miller), 303 B.R. 471 (B.A.P. 10th Cir. 2003).

However, the "trend is definitely in the direction of preventing debtors from converting a chapter 7 to a Chapter 13 case as a matter of right when the going gets rough in the Chapter 7 case." Nancy C. Dreher, First Circuit follows numerous other Circuits in holding that a debtor has no absolute right to convert a Chapter 7 to a Chapter 13 under section 706(a) of the Bankruptcy Code, 2006 Bankruptcy Service Current Awareness Alert 3 (January, 2006). In particular, two recent appellate decisions illustrate this trend. In In re Copper, the Sixth Circuit held that because debtor had acted in bad faith, the bankruptcy court did not err in denying his motion to convert his Chapter 7 case to Chapter 13. Copper v. Copper (In re Copper), 426 F.3d 810 (6th Cir. 2005).

In Copper, the debtor had a history of vexatious and evasive bankruptcy litigation, and the bankruptcy court found that his motion to convert was made in an effort to avoid a determination as to the dischargeability of his domestic obligations, among other things. The court found that the motion was not filed in good faith, which in the Sixth Circuit is cause for dismissal of a Chapter 13 petition. See Alt v. United States (In re Alt), 305 F.3d 413, 418-19 (6th Cir. 2002). The bankruptcy court in Copper went on to say that "[i]f a Chapter 13 petition may be dismissed for lack of good faith, it is logical to conclude that conversion from Chapter 7 to Chapter 13 may also be denied in the absence of good faith." 426 F.3d at 815, quoting In re Brown, 293 B.R. 865, 870 (Bankr. W.D. Mich. 2003).

The First Circuit addressed the same issue in Marrama v. Citizens Bank of Massachusetts (In re Marrama), 2005 WL 2840634 (1st Cir. 2005). In holding that the right to convert was not absolute, the court pointed out that section 105 of the Bankruptcy Code gives

4

to the court the discretion to address the situation in which the court is confronted with a "patently abusive motion to convert." 2005 WL 2840634 at *2. The court pointed out that the Bankruptcy Court has unquestioned authority to dismiss a Chapter 13 petition upon a showing of bad faith on the part of the debtor and could not see any reason why a debtor seeking to convert to Chapter 13 in bad faith should be treated any differently. Id. at *6. Rather, the court remarked that "it would ill serve general policies aimed at promoting the efficient administration of bankruptcy cases to insist that a bankruptcy court - already confronted with clear evidence of a debtor's bad faith - must indulge in the technical formality of converting the chapter 7 case to chapter 13, knowing full well that eventually the case must be reconverted by reason of that same evidence of bad faith." Id.

The Fourth Circuit Court of Appeals held in 1993, in Finney v. Smith (In re Finney), 992 F.2d 43 (4th Cir. 1993), that "subjective bad faith, standing alone, is insufficient to abrogate the unqualified § 706(a) right of conversion. We express no opinion on what circumstances, if any, would justify invocation of § 105(a) to deny a § 706(a) motion outright." Id. at 45. Subsequent to this holding, our court of appeals has not further elaborated upon what circumstances would justify using § 105 to deny a conversion to convert to Chapter 13.

In determining whether the circumstances in this case justify denying conversion, the court has considered the standards used by other courts in similar situations. One standard is that of "good faith," In re Lilley, 91 F. 3d 491 (3d Cir. 1996), and another is the "totality of the circumstances," In re Tardiff, 145 B.R. 357 (Bankr. D. Me. 1992). Factors to be considered in evaluating the totality of the circumstances may include good faith. Other factors are whether a confirmable chapter 13 plan could be forthcoming, the impact of denial of conversion on both debtor and creditors, whether the conversion would lead to an abuse of the bankruptcy system,

5

and the effect of conversion upon the administration of the estate. In re Porreco, 333 B.R. 310, 314, citing In re Tardiff, 145 B.R. at 357..

Applying these standards to debtor's case, the court finds that debtor's motion to convert must be denied. The motion was filed in bad faith because the debtor has no ability to propose a confirmable plan. Not only does she not have sufficient income to fund a plan, the court is unlikely to approve confirmation of a plan in which the debtor does not propose to pay her home mortgage. There will be no savings to creditors should a conversion be allowed. The denial of conversion will not harm debtor since a sale of the property should take place in either event, and conversion would hamper the administration of debtor's bankruptcy estate by delaying the sale of the property and thereby risking a decline in the value of the property or loss of the trustee's contract of sale. Therefore,

IT IS ORDERED that the motion to convert filed by debtor is DENIED.

SIGNED: _____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies:

**James E. Kane, Esq**
Chaplin, Papa & Gonet
406 W. Broad Street
Richmond, VA 23220

**Bruce H. Matson, Esq.**
**Christopher A. Jones, Esq.**
**David C. Grandis, Esq.**
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA 23218-2499