**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

IN RE: TINA M. EPLEY                                  Case No. 05-35687-DOT
                                                      Chapter 7

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on claimant Kimberly Richards' motion to reconsider the order entered December 6, 2005, sustaining debtor's objection to Richards' proofs of claim numbered 11, 12, 13, and 14.  Hearing on the motion was held January 18, 2006, and both parties presented oral argument.  The court took the motion under advisement in order to consider a related adversary proceeding filed December 23, 2005, and its effect on the motion.  For reasons stated in this opinion, the court will grant the motion and vacate the order entered December 6, 2005.

**Facts and Procedural History.**

Pre-petition, Richards and debtor had a contract for the sale of debtor's real estate.  The sale was not consummated, and Richards sued debtor in state court for specific performance on the contract and for damages resulting from breach.  The suit was stayed by the filing of debtor's chapter 7 case, and judgment was never issued.  Richards did not employ counsel to assist her in filing her proofs of claim in debtor's case.  Debtor objected to claims 11, 12, 13, and 14 on grounds that the claims had no basis in fact or law, were overstated, and were not secured debts.[1]

---

[1] Claim 11 was filed in the amount of $6,255.00, representing commission paid to buyer's (claimant's) real estate agent on the breached contract for sale of real property; Claim 12 was filed in the amount of $500.00, representing claimant's earnest money deposit; claim 13 was filed in the amount of $71,400.00, representing the difference in price agreed to in the contract for sale between debtor and Ms. Richards and the price on the contract for sale obtained by the trustee; Claim 14 was in the amount of $5,539.58, representing attorneys fees paid in connection with the proposed sale. Claimant characterized her claims as secured by collateral in the form of real estate,

The objection, entered October 24, 2005, was properly noticed and provided for a fifteen day negative notice period.[2] One day before expiration of the notice period, Richards retained counsel to pursue her alleged interests in the bankruptcy. Counsel did not respond to the objection to claims and did not request a hearing. The court, therefore, entered debtor's submitted order sustaining her objection by default.

Realizing that her interests in the bankruptcy estate may have been forfeited by entry of the order, Richards filed the motion to reconsider. In the motion and at oral argument, Richards' counsel argued that he did not timely object because he did not perceive the claims objection to be an issue, and he did not believe debtor would pursue her objection.

Meanwhile, debtor had filed a motion to convert her case to chapter 13 simultaneously with her objection to claims. On November 23, 2005, the trustee filed a motion to sell debtor's real estate. Both matters were heard on December 15, 2005. The court ruled from the bench, granting the trustee's motion to sell and denying debtor's motion to convert. The court subsequently entered an order denying the conversion. By the hearing date, the trustee had a contract for sale on the property.[3] The court found it was in the best interests of creditors to deny debtor's motion to convert because "conversion would hamper the administration of debtor's bankruptcy estate by delaying the sale of the property . . . thereby risking a decline in the value of the property or loss of the trustee's contract of sale."

---

specifically by debtor's residence that was the subject of the contract for sale. The court notes that these claims were in fact unsecured claims. Claimant admitted at hearing on the motion to reconsider that the claims are not secured in any "formal" sense.

[2] It is not standard practice to set a claims objection for hearing unless the opposing party requests it within the notice period. Negative notice, electronically filed with the motion, is proper.

[3] Presumably the trustee had secured the contract for sale prior to Richards filing her proof of claim number 14, which claimed for the loss of a potential profit she could have realized on a future sale of the real property had the sales contract between debtor and Richards been consummated.

In a further attempt to assert her interest in the bankruptcy, Richards initiated an adversary proceeding to determine her interest in estate property and for injunctive relief to prevent the trustee's sale of debtor's real property. The pre-trial conference on this complaint is set for February 8, 2006.

### Conclusions of Law.

Richards' motion relies on Federal Rule of Bankruptcy Procedure 3008 as a basis for the court's reconsideration of the order sustaining debtor's objection to claims. This rule implements Code § 502(j) and allows a party in interest to "move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008. Although "[t]here is insufficient case law extant to define with precision what test must be met for reconsideration of a claim,"
§ 502(j) requires a showing of "cause." 9 COLLIER ON BANKRUPTCY ¶ 3008.01[4] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2005); 11 U.S.C. § 502(j). In fact, the court has great discretion to determine what constitutes "cause" consistent with the equities of each case. Id.

The order sustaining debtor's objections to claims was entered December 6, 2005, and the motion to reconsider was filed fifteen days later, on December 21, 2005. Because the motion was filed so soon after entry of the order, the court finds there would be little or no prejudice to debtor if the motion is granted. Should Richards' claims be found to have a proper basis, she would be the largest creditor in this case. A trial on the merits of her complaint is needed to determine her interest in the estate, and whether her claims are valid has due influence on the outcome of that proceeding.

Accordingly,

**IT IS ORDERED** that Richards' motion to reconsider is **GRANTED** and the order entered December 6, 2005, docket #57, is **VACATED**; and

**IT IS FURTHER ORDERED** that Richards has fifteen days from the entry of this order to respond to debtor's objection to claims.

Signed this date: _____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**
Charles Cowsert
4908 Hood Drive
Fredericksburg, VA 22408
*Attorney for Claimant*

James E. Kane
Chaplin, Papa & Gonet
406 W. Broad Street
Richmond, VA 23220
*Attorney for Debtor*

Bruce Matson
LeClair Ryan, PC
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA 23218-2499
*Chapter 7 Trustee*